**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GWENDOLYN MARIE WILSON,

     Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Social Security
Administration and FIRST SECURITY
BANK,

     Defendants-Appellees.

No. 98-2054
(D.C. No. CIV-97-1495-JC)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gwendolyn Marie Wilson, appearing pro se, filed a nebulous complaint alleging federal fraud and extortion. The district court dismissed the complaint as unintelligible after giving plaintiff time to amend it to state a claim. Ms. Wilson appeals and we affirm.

We construe liberally the pleadings of pro se litigants. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "We review de novo a district court's dismissal of a cause of action for failure to state a claim upon which relief can be granted." *Chemical Weapons Working Group, Inc. (CWWG) v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997).

Ms. Wilson's complaints are anomalous and obscure. We agree with the district court that Ms. Wilson's assertions are incoherent and fail to state a claim for which relief can be granted.

We **AFFIRM** the judgment of the district court for substantially the reasons stated by the court in its order dated January 28, 1998.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge